IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| SODA MOUNTAIN WILDERNESS COUNCIL; OREGON WILD; KLAMATH SISKIYOU WILDLANDS CENTER; CENTER FOR BIOLOGICAL DIVERSITY; and CASCADIA WILDLANDS PROJECT,<br><br>        Plaintiffs,<br><br>    v.<br><br>UNITED STATES BUREAU OF LAND MANAGEMENT,<br><br>        Defendant. | 1:12-cv-434-CL<br><br>**ORDER** |

**PANNER, District Judge:**

Plaintiffs claim that the U.S. Bureau of Land Management (BLM) violated the National Environmental Policy Act (NEPA) and the Federal Land and Policy Management Act (FLPMA) by approving the Sampson Grove Forest Management Project, a timber sale that

1 - ORDER

would allow commercial logging on 500 acres of BLM land near Ashland, Oregon.

The parties filed cross-motions for summary judgment. Magistrate Judge Mark D. Clarke has issued a Report and Recommendation (R&R), recommending that defendant's motion be granted except as to plaintiffs' claim that defendant's Environmental Assessment (EA) violated NEPA by failing to consider the cumulative impacts of the Cottonwood Forest Management Project. The R&R recommends granting plaintiffs' motion for summary judgment on this claim only.

The matter is now before this court. See 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b). The parties object to the R&R, so I have reviewed this matter de novo. 28 U.S.C. § 636(b)(1)(C); McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F. 2d 1309, 1313 (9th Cir. 1981). I adopt the thorough and well-reasoned R&R except as to the cumulative impacts claim.

## DISCUSSION

Plaintiffs claim that the Sampson Cove EA did not adequately consider the cumulative impacts of the Cottonwood project. "An EA must fully assess the cumulative impacts of a project." Barnes v. U.S. Dep't of Transp., 655 F.3d 1124, 1141 (9th Cir. 2011). Cumulative impact is "the impact on the environment which results from the incremental impact of the action when added to other past, present, and reasonably foreseeable future actions

2 - ORDER

regardless of what agency (Federal or non-Federal) or person undertakes such other actions." 40 C.F.R. § 1508.7 (emphasis added). Courts "defer to an agency's determination of the scope of its cumulative effects review." Neighbors of Cuddy Mountain v. Alexander, 303 F.3d 1059, 1071 (9th Cir. 2002).

When defendant published the Sampson Cove EA in July 2010, it had not yet identified the timber harvest units or the types of treatments to be used for the Cottonwood project. Defendant did not send a "scoping" letter for the Cottonwood project until late October 2010.

Because the Cottonwood project was still in preliminary planning stages when defendant published the Sampson Cove EA, defendant did not violate NEPA by failing to consider possible cumulative impacts of the Cottonwood project. The government is not required to consider the cumulative impacts of a project "if not enough information is available to permit meaningful consideration." Envtl. Prot. Info. Ctr. v. U.S. Forest Serv., 451 F.3d 1005, 1014 (9th Cir. 2006) (EPIC). In EPIC, the court held that the Forest Service did not violate NEPA when it failed to consider the cumulative impacts of a timber sale that was "'in the initial planning stage' and 'specifics of the units (size and treatment prescription)' had not been identified at that time." Id. (quoting EA at issue). The same reasoning applies here.

I conclude that defendant's motion for summary judgment

3 - ORDER

should be granted in its entirety. I adopt the R&R in all other respects.

## CONCLUSION

The Report and Recommendation (#40) is adopted except as to plaintiffs' cumulative impacts claim. Plaintiffs' motion for summary judgment (#17) is denied. Defendant's motion for summary judgment (#23) is granted.

IT IS SO ORDERED.

DATED this __10__ day of May, 2013.

OWEN M. PANNER
U.S. DISTRICT JUDGE

4  - ORDER