IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| SODA MOUNTAIN WILDERNESS COUNCIL; OREGON WILD; KLAMATH SISKIYOU WILDLANDS CENTER; CENTER FOR BIOLOGICAL DIVERSITY; and CASCADIA WILDLANDS PROJECT, | 1:12-cv-00434-CL<br><br>**ORDER** |
| Plaintiffs, | |
| v. | |
| UNITED STATES BUREAU OF LAND MANAGEMENT, | |
| Defendant. | |

**PANNER, District Judge:**

This court concluded that the United States Bureau of Land Management (BLM) did not violate the National Environmental Policy Act (NEPA) or the Federal Land and Policy Management Act by proceeding with the Sampson Cove Forest Management Project (Sampson Cove Project). *Soda Mountain Wilderness Council v. BLM*, 945 F. Supp. 2d 1162, 1169 (D. Or. 2013) (*Soda Mountain I*). On appeal, the Ninth Circuit affirmed except as to one NEPA claim concerning the BLM's failure to conduct a cumulative impact analysis of another timber project. *Soda Mountain Wilderness Council v. BLM*, 607 F. App'x 670 (9th Cir. 2015) (*Soda Mountain II*). The Ninth Circuit reversed on that claim and remanded for further proceedings to allow the BLM to address the cumulative impact of the other pending project, the Cottonwood Forest Management Project (Cottonwood Project). *Id.* at 672.

Plaintiffs now petition for attorney's fees under Equal Access to Justice Act (EAJA). 28 U.S.C. 2412(d). I deny the petition.

## BACKGROUND

After the parties filed cross-motions for summary judgment, Magistrate Judge Mark D. Clarke issued a Report and Recommendation concluding that the government was entitled to summary judgment on all but one of Plaintiffs' claims. *Soda Mountain I*, 945 F. Supp. 2d at 1182-85. On Plaintiffs' NEPA claim for failure to analyze the cumulative impact of the Cottonwood Project, however, the Report and Recommendation concluded that Plaintiffs were entitled to summary judgment.

On review, I held that Defendants were entitled to summary judgment on all of Plaintiff's claims, including the Cottonwood Project cumulative impact claim. *Soda Mountain I*, 945 F.

2 - ORDER

Supp. 2d at 1169. I reasoned that "[b]ecause the Cottonwood project was still in preliminary planning stages when defendant published the Sampson Cove EA, defendant did not violate NEPA by failing to consider possible cumulative impacts of the Cottonwood project." *Id.*

On appeal, the Ninth Circuit affirmed except as to the Cottonwood Project cumulative impact claim. The majority concluded that the Cottonwood Project was reasonably foreseeable when Defendant issued its EA. *Soda Mountain II*, 607 F. App'x at 672. The court reversed and remanded for the BLM to address the cumulative impact of the Cottonwood Project.

Judge Ikuta dissented from the majority's ruling on the Cottonwood Project claim. *Id.* at 674-76. In a detailed dissenting opinion, Judge Ikuta reasoned that the two BLM internal agendas cited by Plaintiffs "fail to show that any of the significant parameters of the Cottonwood project were known at the time of the [Sampson Cove Project] EA." *Id.* at 675. Judge Ikuta concluded that the court should have deferred "to the BLM's assertion that at the time it prepared ithe Sampson Cove EA, the Cottonwood project was not far enough along for it to be reasonably foreseeable." *Id.*

## LEGAL STANDARDS

The EAJA requires an award of attorney's fees to the prevailing party in a civil action against the United States unless the government can show that its position was substantially justified both in the litigation and in the government's conduct that gave rise to the litigation. *United States v. 2659 Roundhill Drive*, 283 F.3d 1146, 1151 (9th Cir. 2002) (*Roundhill Drive*). "Substantial justification" "means that the government's position must have a 'reasonable basis both in law and in fact,' i.e., the government need not be 'justified to a high degree,' but rather 'justified in substance or in the main'--that is, justified to a degree that could satisfy a reasonable

3 - ORDER

person." *Id.* (citations omitted). "The government bears the burden of showing that its position was substantially justified *throughout* the . . . proceedings." *Id.* at 1151 n.7 (citing *United States v. 22249 Dolorosa St.*, 190 F.3d 977, 982 (9th Cir. 1999)). This court has discretion to award attorney's fees under EAJA. *Corbin v. Apfel*, 149 F.3d 1051, 1052 (9th Cir. 1998).

## DISCUSSION

The government's position on the cumulative impact claim, although incorrect, was substantially justified because "a reasonable person could think it correct." *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988). The Ninth Circuit's split decision shows that a reasonable person could think that the government's position was correct. *See Bay Area Peace Navy v. United States*, 914 F.2d 1224, 1231 (9th Cir. 1990) ("The disagreement within this panel regarding the merits of the government's appeal further suggests that a finding of substantial justification is appropriate.").

I am mindful that "[a] district judge who has been reversed for ruling against the party that the court of appeals decides should have prevailed must be careful not to let his superseded view of the merits color his determination of whether there was a substantial justification for the government's position." *United States v. Thouvenot, Wade & Moerschen, Inc.*, 596 F.3d 378, 384 (7th Cir. 2010) (Posner, J.) (citing *Roundhill Drive*, 283 F.3d at 1152–53; *Friends of Boundary Waters Wilderness v. Thomas,* 53 F.3d 881, 885–86 (8th Cir. 1995); *Oregon Natural Resources Council v. Madigan,* 980 F.2d 1330, 1332 (9th Cir. 1992)). Here, I accept the Ninth Circuit's prior adverse decision as correct. *Madigan*, 980 F.2d at 1332. But although the government's position on the cumulative impact claim was incorrect, the government's position was nonetheless substantially justified because reasonable minds could differ on this close issue.

4 - ORDER

## CONCLUSION

Plaintiffs' petition for attorney's fees (#87 [75]) is denied.

IT IS SO ORDERED.

DATED this **28** day of January, 2016.

*[signature]*
OWEN M. PANNER
U.S. DISTRICT JUDGE

5 - ORDER